**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ISMAEL TORRES-FIGUEROA, AKA Ismael Torres Figuero, Defendant - Appellant. | No. 10-50353 D.C. No. 2:10-cr-00250-PA-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 5, 2011
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[**]

Torres-Figueroa appeals the district court's imposition of a residency

restriction as a condition of his supervised release. The restriction, which was part

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for Northern California, San Jose, sitting by designation.

of his sentence for illegal reentry after removal, prohibits him from residing "within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate the condition and remand to the district court for resentencing.

We review the district court's imposition of a condition of supervised release for abuse of discretion. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). A district court has the discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d). Under § 3583(d), a district court may impose special conditions of supervised release, provided that they "are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *Daniels*, 541 F.3d at 924; *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003); *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). The residency requirement imposed on Torres-Figueroa fails to meet this standard, and we thus vacate it.

The basis for the district court's imposition of the residency requirement on Torres-Figueroa was his 1994 conviction for aggravated sexual assault of a child under the age of 14. Relying upon outdated convictions, without more, is insufficient to establish that a condition of supervised release is reasonably related

to promoting the goals of public protection and deterrence. *T.M.*, 330 F.3d at 1240 (holding that predicating conditions of supervised release on twenty-year old sex offense incidents was an abuse of discretion). This is particularly true where the past offender has not committed any similar or related sex offenses in the intervening years. *See id.*, at 1240-41 ("The fact that [defendant] has lived the last twenty years without committing a sex offense suggests that he no longer needs to be deterred or shielded from the public."). Torres-Figueroa's 1994 sex offense, committed seventeen years before he was sentenced for illegal reentry, is outdated and thus too remote – particularly since there were no related incidents in the intervening years – to establish a reasonable relationship between the residency requirement and either deterrence, public safety, or rehabilitation.

The residency requirement also involves a greater deprivation of liberty than is reasonably necessary for the purposes of supervised release. Neither the probation officer, in the Presentence Investigation Report, nor the government, in the plea agreement or any other filing, suggested that such a condition be imposed. Both the probation officer and government, in assessing Torres-Figueroa's risk of recidivism and danger to the public, had thus concluded that any condition related to the prior sex offense conviction was unnecessary. Moreover, the district court failed to provide any explanation for imposition of this condition as it was required to do. 18 U.S.C. § 3553(c); *Rearden*, 349 F.3d at 619. Accordingly, the district

court's imposition of the residency restriction deprived Torres-Figueroa of more liberty than was necessary for the purposes of supervised release.

**VACATED** and **REMANDED** for resentencing.