**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50453 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00250-PA-1 |
| v. | |
| ISMAEL TORRES-FIGUEROA, AKA Ismael Torres Figuero, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 11, 2012[**]
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

Torres-Figueroa appeals the district court's re-imposition of a residency restriction as a condition of his supervised release. The district court imposed the restriction after we previously vacated Torres-Figueroa's sentence and remanded for resentencing. *United States v. Torres-Figueroa*, 448 F. App'x 729 (9th Cir. 2011). The restriction prohibits him from residing "within 200 yards of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate the condition and remand to the district court to resentence Torres-Figueroa without a residency restriction.

The district court erred in imposing a residency restriction as a condition of Torres-Figueroa's supervised release. Our prior ruling prohibited the imposition of a residency restriction on the basis of Torres-Figueroa's 1994 conviction for aggravated sexual assault because that outdated conviction, without more, is insufficient to establish that the condition is reasonably related to the purposes of supervised release under 18 U.S.C. § 3583(d). *See United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). The district court's imposition of a new residency restriction thus violates our mandate. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007).

**VACATED and REMANDED for resentencing without a residency restriction.**